```
                      United States Bankruptcy Court
                      Middle District of Pennsylvania
In re:                                                    Case No. 14-00207-MDF
Daniel J. Herman                                          Chapter 13
        Debtor
```

# CERTIFICATE OF NOTICE

```
District/off: 0314-1          User: MMchugh           Page 1 of 1          Date Rcvd: Jul 12, 2016
                              Form ID: 3180W          Total Noticed: 19


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 14, 2016.
db          +Daniel J. Herman,   3918 Kathyrn Jean Court,   Fairfax, VA 22033-2742
4434640     +Aspire,   PO Box 105555,   Atlanta, GA 30348-5555
4504369     +Joshua I Goldman Esquire,   KML Law Group PC,   701 Market St Suite 5000,
              Philadelphia, PA 19106-1541
4434650     +Memorial Hospital,   325 South Belmont Street,   York, PA 17403-2609
4434651     +Northland Group, Inc.,   PO Box 390846,   Minneapolis, MN 55439-0846
4434652     +Orchard Bank,   PO Box 71104,   Charlotte, NC 28272-1104
4434654     +Sklar Markind,   102 Browing Lane, Building B Suite,   Cherry Hill, NJ 08003-3195

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4434639      EDI: HNDA.COM Jul 12 2016 19:13:00      AHFC,   PO Box 7829,   Philadelphia, PA  19101
4434641     +E-mail/Text: bknotice@bhlmlaw.com Jul 12 2016 19:14:17      Blatt, Hasenmiller, Leibsker & Moor,
              1835 Market Street, Suite 501,   Philadelphia, PA 19103-2933
4434642     +EDI: STFC.COM Jul 12 2016 19:13:00      CACH, LLC,   4340 South Monaco Street, Second Fl,
              Denver, CO 80237-3581
4434643     +EDI: CAPITALONE.COM Jul 12 2016 19:13:00      Capital One,   PO Box 71083,
              Charlotte, NC 28272-1083
4494346      EDI: CAPITALONE.COM Jul 12 2016 19:13:00      Capital One Bank (USA), N.A.,   PO Box 71083,
              Charlotte, NC  28272-1083
4489509     +E-mail/Text: bankruptcy@cavps.com Jul 12 2016 19:14:24      Cavalry SPV I, LLC,
              500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-1340
4434644     +EDI: CHASE.COM Jul 12 2016 19:13:00      Chase,   PO Box 15153,   Wilmington, DE 19886-5153
4434648     +EDI: HFC.COM Jul 12 2016 19:13:00      HSBC Bank,   PO Box 5253,   Carol Stream, IL 60197-5253
4434649      E-mail/Text: camanagement@mtb.com Jul 12 2016 19:14:15      M & T Bank,   PO Box 1288,
              Buffalo, NY  14240
4434653      EDI: PRA.COM Jul 12 2016 19:13:00      Portfolio Recovery Associates, LLC,
              120 Corporate Boulevard, Suite 100,   Norfolk, VA  23502
4487662      EDI: PRA.COM Jul 12 2016 19:13:00      Portfolio Recovery Associates, LLC,   POB 12914,
              Norfolk VA 23541
4434647      EDI: USBANKARS.COM Jul 12 2016 19:13:00      Elan Financial Services,   PO Box 790408,
              St. Louis, MO  63179
                                                                                               TOTAL: 12

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4434645    ##+Commercial Acceptance Company,   2 West Main Street,   Shiremanstown, PA 17011-6326
4434646    ##+Edwin A. Abrahamsen & Associates,   120 North Keyser Avenue,   Scranton, PA 18504-9701
                                                                                       TOTALS: 0, * 0, ## 2

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 14, 2016                                        Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 12, 2016 at the address(es) listed below:
              Charles J. DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              Joshua I Goldman    on behalf of Creditor   M&T BANK bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Keith B DeArmond    on behalf of Debtor Daniel J. Herman general.dearmondlaw@gmail.com,
               G10924@notify.cincompass.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                               TOTAL: 4
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Daniel J. Herman** | Social Security number or ITIN  xxx–xx–9696 |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Middle District of Pennsylvania** | | |
| Case number:  **1:14–bk–00207–MDF** | | |

# Order of Discharge                                                                                                12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Daniel J. Herman

**By the court:**   *Mary D. France* (signature)

July 12, 2016

Honorable Mary D. France
United States Bankruptcy Judge

By: MMchugh, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**